**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DENNIS V.,

               Plaintiff,

         v.

FRANK BISIGNANO,
Commissioner of Social Security
Administration,

               Defendant.

Case No. 5:25-cv-00610-SP

**MEMORANDUM OPINION AND
ORDER**

**I.**

**INTRODUCTION**

On March 7, 2025, plaintiff Dennis V. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of supplemental security income ("SSI"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision: whether the administrative law judge ("ALJ") erred in his residual functional capacity ("RFC") determination based on a

1

failure to properly evaluate medical opinion evidence.  Plaintiff's Opening Brief ("P. Mem.") at 7-14; *see* Defendant's Brief ("D. Mem.") at 2-7.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the medical opinions and the RFC determination is supported by substantial evidence.  Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 35 years old on his alleged disability onset date.  AR at 62.  Plaintiff has a tenth grade education and has no past relevant work.  AR at 39, 69.

On January 9, 2023, plaintiff protectively filed an application for SSI, alleging an onset date of October 16, 2013 due to diabetes, hernia, stroke, heart attack, sleep apnea, high blood pressure, asthma, and dislocated disc/pinched nerves in the neck and back.[1] AR at 62.  The application was denied initially and upon reconsideration, after which plaintiff filed a request for a hearing.  AR at 99-102, 127-29.

On September 10, 2024, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ.  AR at 33-52.  The ALJ also heard testimony from a vocational expert, Becky Johnston.  AR at 49-51.  On October 7, 2024, the ALJ denied plaintiff's claim for benefits.  AR at 18-27.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 16, 2013.  AR at 21.

---

[1] Plaintiff filed two previous sets of applications for disability insurance benefits ("DIB") and SSI on June 14, 2013 and November 26, 2019, which were both denied at the initial level.  *See* AR at 62.  On January 9, 2023, plaintiff also filed an application for DIB and a period of disability, but later withdrew it.  *See* AR at 38, 62, 248

At step two, the ALJ found plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine; bilateral hernias status-post repair; and sleep apnea.  *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1.  AR at 22.

The ALJ then assessed plaintiff's residual functional capacity, and determined plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(a), with limitations.  *Id.*  Plaintiff could: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; climb ramps and stairs occasionally; and stoop, kneel, crouch, and crawl frequently.  *Id.*  The ALJ precluded plaintiff from climbing ladders, ropes, or scaffolds, and from concentrated exposure to vibration, pulmonary irritants, and hazards.  *Id.*

The ALJ found, at step four, that plaintiff had no past relevant work.  AR at 25.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that plaintiff could perform, including gate guard, counter attendant, sales attendant, and cashier II.  AR at 26-27.  Consequently, the ALJ concluded that plaintiff does not suffer from a disability as defined by the Social Security Act.  AR at 27

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied.  AR at 1-4.  The ALJ's decision stands as the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  But

if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

**IV.**

**<u>DISCUSSION</u>**

Plaintiff argues the ALJ's RFC determination is unsupported by substantial evidence. P. Mem. at 7. Specifically, plaintiff contends the ALJ failed to properly evaluate the opinions of treating physician Dr. Ahamed Jiffry and state agency physicians Dr. M. Yee and Dr. C. Thacker. *Id.* at 7-14.

Residual functional capacity is what one can "still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments. 20 C.F.R. § 416.945(a)(1)-(2); *see* Social Security Ruling ("SSR") 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

4

Among the evidence an ALJ relies on in an RFC assessment is medical evidence and opinions. 20 C.F.R. § 416.945(a)(3). An ALJ considers the persuasiveness of the medical opinions and findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion. 20 C.F.R. § 416.920c(b)-(c). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). The ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). The ALJ may, but generally is not required to, explain how she or he considered the other three factors. 20 C.F.R. § 416.920c(b)(2). But when two or more medical opinions "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is then required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 416.920c(b)(3).

Here, in reaching the RFC assessment, the ALJ reviewed the medical evidence and considered the opinions of Dr. Jiffry, consultative examiner Dr. Seung Ha Lim, Dr. Yee, and Dr. Thacker. *See* AR at 25.

**Dr. Ahamed Jiffry**

Dr. Ahamed Jiffry, an internist, treated plaintiff every one to six months from July 29, 2015 through at least 2024.[2] *See* AR at 611, 813-815, 855. At the initial visit, plaintiff reported he previously had a stroke and heart attack, and suffered from sleep apnea, asthma, rheumatoid arthritis, hypertension, low back pain, and chest pain. AR at 813. Plaintiff regularly complained of pain and sometimes coughs or shortness of breath. *See, e.g.,* AR at 652, 768, 787, 816, 831. During the examinations, Dr. Jiffry sometimes

---

[2]    Although Dr. Jiffry states he treated plaintiff every one to six months, there are many gaps in the treatment records.

observed pain and tenderness in plaintiff's hands, wrist, and lumbar spine, and otherwise normal findings. *See, e.g.,* AR at 679, 711, 765-66, 808, 847-48. X-rays of the hands, wrists, knees, hips, and lumbar, thoracic, and cervical spine taken between January 2016 and August 2024 showed normal and mild findings. AR at 702-05, 744-46, 757-58, 780-84, 864, 1012, 1018-20. MRIs of the cervical spine and lumbar spine showed degenerative disc disease, sacralization, canal stenosis, and neural foraminal narrowing. AR at 698-701, 776-77, 849-50.

On November 14, 2023, Dr. Jiffry completed a Physical RFC Questionnaire. AR at 611-14. Dr. Jiffry stated plaintiff suffered from chronic, severe neck and lower back pain, diffuse joint pains, chest pain, daytime somnolence, and sciatica. AR at 611. He diagnosed plaintiff with stroke syndrome, sleep apnea, rheumatoid arthritis, and degenerative disc disease of the cervical and lumbar spine. *Id.* Dr. Jiffy opined plaintiff is unable to perform any activity, including standing, walking, pushing, pulling, and manipulative functions. *See* AR at 612-13.

**Dr. Seung Ha Lim**

Dr. Seung Ha Lim, an internist, examined plaintiff on October 6, 2023. AR at 605-10. Dr. Lim reviewed a December 21, 2019 treatment record and two x-rays. AR at 604, 606, 608. Dr. Lim observed plaintiff presented with normal grip strength, a slow gait due to back pain, pain with mildly decreased range of motion in neck, pain on motion in the back with mildly decreased flexion, and full motor strength. AR at 607-608. Dr. Lim noted plaintiff did not require the use of assistive devices for ambulation. AR at 609. Based on the images and examination, Dr. Lim opined plaintiff had the RFC to: stand and walk six hours in an eight-hour day; sit six hours in an eight-hour day; and lift and carry 50 pounds occasionally and 25 pounds frequently. AR at 609. Dr. Lim further limited plaintiff to frequent climbing, crouching, and stooping, and noted that he required environmental limitations due to asthma. *Id.*

//

6

**Dr. Yee and Dr. Thacker**

State agency physicians Dr. Yee and Dr. Thacker reviewed plaintiff's medical records and issued administrative medical findings. AR at 63-68, 83-89. Dr. Yee and Dr. Thacker opined plaintiff had the RFC to perform light work. AR at 66, 87. Plaintiff could: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six hours in an eight-hour day; sit six hours in an eight-hour day; climb ramps and stairs occasionally; and balance, stoop, kneel, crouch, and crawl frequently. AR at 66-67, 87. Dr. Yee and Dr. Thacker further opined plaintiff could never climb ladders, ropes, and scaffolds and should avoid concentrated exposure to vibrations, fumes, and hazards. AR at 67, 87-88.

**The ALJ's Findings**

In reaching his RFC determination, the ALJ considered the medical evidence and found the state agency physicians' prior administrative findings persuasive because they were supported by detailed written explanations with references to the relevant evidence and were consistent with the objective findings, plaintiff's treatments, and his remote history of heart attack and stroke. AR at 25. The ALJ found Dr. Lim's opinion was partially persuasive because it was supported by his examination findings and generally consistent with the objective record. *Id*. But the ALJ found Dr. Lim's opinion that plaintiff could perform medium work was inconsistent with plaintiff's hernia repairs and history of heart attack and stroke. *Id*. Finally, the ALJ found Dr. Jiffry's opinion to be unpersuasive because he provided very little explanation of the evidence he relied on, the opinion was not supported by the objective medical evidence, and the opinion was inconsistent with the opinions of the examining and state agency physicians. *Id*.

Plaintiff argues the ALJ erred when he found Dr. Jiffry's opinion unpersuasive because he failed to cite to specific evidence in the record, explain why Dr. Jiffry's opined limitations were inconsistent with the record, and "meaningfully explain why certain highly-probative evidence was rejected." P. Mem. at 8-11. Plaintiff asserts the ALJ's supportability and consistency analysis was conclusory and he mischaracterized

7

the evidence.  *Id*. at 10-12.  To the contrary, the ALJ accurately summarized the medical evidence and considered whether Dr. Jiffry's opinion was supported by the objective medical evidence and consistent with the evidence and opinions in the record.  As discussed above, Dr. Jiffry opined plaintiff is incapable of any lifting, carrying, standing, walking, pushing, pulling; performing any postural activities; and performing any manipulative functions.  AR at 612-13.  His opinion can be summed up in five words: plaintiff is "unable to perform any activity."  AR at 613.

First, the ALJ accurately noted that Dr. Jiffry provided very little explanation for what evidence he relied on.  AR at 25.  In other words, Dr. Jiffry failed to cite medical evidence to support his opinion.  *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that an ALJ may discredit physicians' opinions that are "unsupported by the record as a whole . . . or by objective medical findings"); *Tonapetyan*, 242 F.3d at 1149 (rejecting physician's opinion, in part, due to a lack of objective evidence to support it).  Dr. Jiffry merely cited point tenderness in the neck and lumbar spine, tenderness of the small joints, and palpitations as the objective bases of his opinion.  AR at 611.  But these findings are mild and Dr. Jiffry failed to explain how they support his extreme limitations.

Similarly, the ALJ correctly noted that Dr. Jiffry's opinion was not supported by plaintiffs' objective medical conditions.  AR at 25; *see Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability.").  The ALJ found a lack of support for Dr. Jiffry's opinion that plaintiff was unable to perform any activity after first summarizing the medical evidence in the record, which showed mostly mild or normal findings.  AR at 23-25.  Plaintiff argues the MRIs of his cervical and lumbar spines, as well as November 2021 complaint of chest pain and shortness of breath, support Dr. Jiffry's opined limitations.  P. Mem. at 10.  While the MRIs show plaintiff suffers from various impairments, they do not support a finding of a complete inability to perform any functions, particularly when viewed in conjunction with the primarily normal objective physical findings at plaintiff's examinations.  For

example, none of the treatment notes reflect an inability to walk or stand. Plaintiff presented with a normal gait or slow gait at several examinations (AR at 584, 589, 594, 609), he was able to walk up two flights of stairs while suffering from hernias (AR at 589), and although a physical therapist referred him to his primary care physician to order a walker with a seat in 2019 (*see, e.g.,* AR at 957), he did not require an assistive device for ambulation in 2023 (AR at 609). Moreover, the most recent MRI of the lumbar spine performed on June 20, 2024 showed plaintiff had no lumbar disc herniation and no spinal, lateral recess, or neural foraminal stenosis (AR at 1016), and the most recent of MRI of the cervical spine showed only mild to moderate spinal stenosis and mild facet arthropathy, which were stable when compared to an MRI performed five years prior (AR at 849-50). Although plaintiff complained of shortness of breath occasionally, his examinations consistently reflected even breaths and no dyspnea, orthopnea, rales, rhonchi, or wheezing. *See, e.g.,* AR at 583, 589, 679.

Finally, the ALJ found Dr. Jiffry's opinion unpersuasive because there were both an internal inconsistency and inconsistencies with the three other medical opinions. Regarding the internal inconsistency, the ALJ noted that Dr. Jiffry opined plaintiff was unable to walk or stand, but also opined that plaintiff must use a cane or assistive device to stand or walk. AR at 25; *see* AR at 612; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding that it was not error for the ALJ to not fully credit a physician's statements on the basis that they were internally inconsistent). The ALJ is also entitled to reject Dr. Jiffry's opinion that plaintiff was unable to perform any activity as inconsistent with the other medical opinions. *See Leazenby v. Colvin*, 654 F. App'x 301, 303 (9th Cir. 2016) (finding ALJ properly rejected a medical opinion because it was inconsistent with the opinions of several other physicians). The state agency physicians and consultative examiner all opined that plaintiff had the RFC to perform work with limitations, including standing, walking, and engaging in postural movements.

Plaintiff also contends the ALJ's evaluation of the state agency physicians' opinions was inadequate because he failed to identify the specific medical records that

supported their findings.  *Id*.  But, notwithstanding the fact the ALJ summarized the medical evidence reviewed by the state agency physicians, an ALJ is not required to discuss every piece of evidence in the record.  *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need 'to discuss every piece of evidence.'") (citation omitted).  Here, the ALJ noted the state agency physicians' findings were supported by detailed written explanations with references to the relevant evidence supporting their conclusions.  AR at 25; *see* AR at 63-68, 83-89.  The ALJ also found the opinions were consistent with the clinical and diagnostic findings, plaintiff's treatment history, and his remote history of heart attack, which he had discussed earlier in the decision.  *See* AR at 23-25.  The decision clearly reflects the ALJ considered the two required factors in 20 C.F.R. § 416.927(c).  Thus, his analysis was legally sufficient.

Accordingly, the ALJ properly considered the medical opinions.  His RFC assessment was consistent with the RFC opined by Dr. Yee and Dr. Thacker, whose opinions the ALJ found persuasive.  The determined RFC was therefore supported by substantial evidence.

**V.**

**CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

Dated: <u>March 31, 2026</u>

_____
SHERI PYM
United States Magistrate Judge